IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41233
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAFAEL OLIVAREZ,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-95-CR-17-1
---------------------
August 10, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Rafael Olivarez appeals from his guilty-plea conviction and sentence for possession with the intent to distribute approximately 2,078 kilograms of marijuana.  See 21 U.S.C. § 841(a)(1), (b)(1)(A).  If necessary, we must examine sua sponte the basis of our jurisdiction.  United States v. Lister, 53 F.3d 66, 68 (5th Cir. 1995).

Pursuant to Fed. R. App. P. 4(b), Olivarez had ten days from the entry of the judgment of conviction and sentence, April 10, 1996, in which to file timely his notice of appeal.  His February

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

12, 1996, letter to the district judge was not a premature notice of appeal because in the letter, Olivarez requested a sentence reduction by the district court.  He did not evince his intent to appeal to this court from his conviction and sentence.  See Cobb v. Lewis, 488 F.2d 41, 45 (5th Cir. 1974).

Olivarez failed to file timely a notice of appeal.  A timely notice of appeal is a prerequisite to the exercise of jurisdiction by this court.  United States v. Winn, 948 F.2d 145, 153 (5th Cir. 1991).  Therefore, we DISMISS Olivarez's appeal for lack of appellate jurisdiction.